Price, J.
The duty of a county auditor in respect to the transfer of real estate on the tax list to the name of a purchaser, is defined by section 1025, Eevised Statutes. The section has not been materially changed since the relator commenced his action-for mandamus, and the rights and duties of the parties to this case are governed by it. It reads as follows:
“The auditor shall, on application and presentation of title, with such affidavits as are required by law, or the proper order of a court, transfer any land or town lot, or part thereof, charged with taxes on the tax list, from the name in which it stands, into the name of the owner, when rendered necessary by any conveyance, partition, devise, descent or otherwise; and if, by reason of the conveyance or otherwise, a part only of any tract or lot, as charged on the tax list, is to he transferred, the party or parties desiring the transfer, shall make satisfactory proof of the value of such part as compared with the valuation of the whole, as charged on the tax list, before the transfer is made; and the auditor shall endorse on the deed, or other evidences of title presented to him, that the proper transfer of the real estate therein described has been made in his office, or that the same is not entered for taxation, and sign his name thereto.”
It may he seriously doubted whether this statute authorized the severance of the surface of lands *238 from the coal or other mineral embedded beneath it, so as to transfer the latter to a purchaser, leaving the other parts of the lands to stand in the name of the vendor. But other and some later legislation found in .section 2792, and supplementary, section 2792a, Revised Statutes, seems to make the way clear to that result., and we need not linger on the above query. The auditor made no stand on that ground, and it has not been brought in question here. We express no opinion regarding it.
The section under consideration (1025), imposes certain duties on the county auditor, and the performance of these duties are made dependent upon certain acts to be performed by the party desiring a transfer of any land or town lot, or part thereof, charged with taxes on the tax list, from the name in which it stands, into the name of the new owner.
The latter part of the section relates to the transaction involved in the case at bar, and it provides: ‘ ‘ and if, by reason of the conveyance or otherwise, a part only of any tract or lot, as charged on the tax list, is to be transferred, the party or parties desiring the transfer, shall make satisfactory proof of the value of such part as compared with the valuation of the whole, as charged on the tax list, before the transfer is made; and the auditor shall endorse on the deed or other evidence of title presented to him, that the proper transfer of the real estate therein described has been made in his office, * * * and sign his name thereto.”
In this case, it was a part only of the lands for which the relator desired a transfer, and when he presented his title for the purposes of a transfer, it was incumbent upon him to make satisfactory proof *239 before tbe auditor, of tbe value of sueb part as compared with the valuation of the whole, and until he did so, the auditor was not in default.
On this subject what has the relator plead? As to the first description set out in his petition, he avers, in substance, that he presented to the auditor his deed or deeds, on which was endorsed an agreement in writing and signed by the grantor, in the words following, to-wit: “To the auditor; you are hereby authorized to transfer the above granted property to the grantee; charging him with the one-third of the'tax valuation of the same, after deducting valuations of buildings.”
No other form or character of proof is alleged in the petition, and if this contract is not the kind of proof contemplated by the statute, hone is plead, and as to the first class of lands, the petition fails to state a case for mandamus. It is not averred that the grantors were present when the deed was presented for transfer, or that any proof was made or offered as to the execution of the contract. But beyond that, it was a mere stipulation between the parties thereto, and in no sense binding upon the auditor. As an item of evidence in a controversy between the grantor and grantee, it might be competent, but surely not competent to bind one not a party thereto or a privy thereunder. The parties, as between themselves, might agree upon what portion of the entire taxes the grantee should pay, but such agreement is of no avail to compel the auditor to make that division on the tax list. He is entitled to satisfactory proof, and that is .the nature of the proof the relator was required to make. It is evident from the language of the petition, that the auditor was not satisfied with the'contract as the *240 proof required by statute, and tbe relator offered no other.
As to tbe second class of lands described in tbe petition, no contract existed between the vendor and vendee — at least none is alleged, and the petition fails to state that any kind of proof whatever was offered. The amended answer avers that none was offered and the reply admits it. The same answer avers that the auditor was ready and willing to make the transfers and the reply admits that, but it attempts to-excuse the offering of proof on the ground that the auditor asserted that if he made the transfers, he would place a valuation of eight dollars per acre on the coal. The same excuse is made as to both the first and second descriptions contained in the petition.
Whatever may have been the fact as to the statement of the auditor on that subject, the relator was not relieved from offering to comply with the statute, — tender the required proofs, and thus put the officer clearly in the wrong. It is the law, that to entitle the relator to the mandamus prayed for, he must show that the auditor is in default in respect to the performance of an act which the law specially enjoins as a duty resulting from his office. The threat, or milder statement of the auditor, if such was made, should have put relator on guard to strictly comply with the statute, by offering proofs which should have been satisfactory, and then in case he could not be heard, a writ might be obtained-to compel the officer to perform his duty; — hear the evidence and determine the question.
Counsel for relator asks why he should be required to do an idle or foolish thing, — offer proofs in the face of a threat by the auditor that he would plaee *241 the coal on the tax-list at eight dollars per acre? We answer, that it is never an idle or foolish thing to do as the law directs, and certainly so, when the doing of the act is a condition precedent to obtaining the right or favor demanded. The proper proofs are intended to enlighten and convince the officer and enable him to perform his duty.
These views are in accord with the holding of this court in Cincinnati College v. La Rue, Auditor, 22 Ohio St., 469. It is there held that “in a proceeding by mandamus to compel an officer to do an act which it is claimed the law enjoins on him as a duty, the existence of all the facts necessary to put him in default must he shown.”
Again: “Where the transfer is to he of only a part of such property, satisfactory proof must also he made to the auditor of the value of such part as compared with the valuation of the whole as charged on the duplicate. The presentation by the party seeking the transfer, of a statement of facts concerning the title, with the request to the auditor to have the property valued and transferred, is not a compliance with the statute. The evidence on which the auditor is to act is prescribed by the statute, and he can he required to act on no other. ’ ’
The defective petition is not helped out by any evidence contained in the hill of exceptions. There is no evidence that any proof whatsoever was offered, and we have said that the written agreement between vendor and vendee was not competent evidence.
The prayer of the petition is, — not to order the auditor to hear evidence and decide as to the right of transfer, but that he he compelled to recognize the agreements between vendors and vendees and to transfer the land where no agreements had been *242 made at the proper valuation; — and the lower court awarded a writ according to that prayer.
We hold that there is no cause of action for mandamus stated in the petition. And owing to the averments of the amended answer and the admissions made in the reply, the pleadings clearly show that the peremptory writ should not have been allowed.
The judgment of the circuit court is reversed and the petition dismissed.

Judgment reversed.

Shauck, Summers and Spear, JJ., concur.
Crew, J., not participating.